```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
EDWIN FELICIANO, as Administrator of the
Estate of AMALIA FELICIANO,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/2/2022__

Plaintiff(s),

-against-

WAYNE CENTER FOR NURSING AND
REHABILITATION LLC d/b/a WAYNE CENTER
FOR NURSING AND REHABILITATION, ABC
CORPORATION, ABC PARTNERSHIP,

Defendant(s).

22 Civ. 5626 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Edwin Feliciano, as administrator of the estate of Amalia Feliciano, brought this action against Defendant, Wayne Center for Nursing and Rehabilitation LLC d/b/a Wayne Center for Nursing and Rehabilitation,[1] in Supreme Court, Bronx County, alleging nursing home malpractice, wrongful death, conspicuous pain and suffering, negligence, and gross negligence. Pl. Mot. at 2 ¶ 1 (citing Amend. Compl.), ECF No. 11. On July 1, 2022, Defendant removed the action on the basis of federal question jurisdiction, arguing that: (1) Plaintiff's claims "arise under federal law" pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Notice of Removal ¶¶ 2, 19, ECF No. 2; (2) the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, completely preempts Plaintiff's state law causes of action, *see generally* Notice of Removal; (3) Defendant "was a person acting under federal officers" under 28 U.S.C. § 1442(a)(1), Notice of Removal ¶¶ 14, 36; and (4) "important federal questions are embedded in the litigation of Plaintiff's [c]omplaint" under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005), Notice of Removal ¶ 24.

---

[1] The other named defendants, ABC Corporation and ABC Partnership, are fictitious names because their identities and legal names are unknown to Plaintiff. Amend. Compl. ¶¶ 11–12, ECF No. 2-2.

On August 1, 2022, Plaintiff moved for remand. Pl. Mot. On August 8, 2022, Defendant filed its opposition papers. Def. Opp., ECF No. 12. Because this Court lacks subject matter jurisdiction, Plaintiff's motion to remand is GRANTED.

## DISCUSSION

### I. Legal Standard

The removing party "bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272,* 642 F.3d 321, 327 (2d Cir. 2011). "Given 'the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Berger v. N.Y. Univ.*, No. 19 Civ. 267, 2019 WL 3526533, at *1 (S.D.N.Y. Aug. 2, 2019) (quoting *Lupo v. Hum. Affs. Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir. 1994)). "A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.,* 335 F.3d 109, 113 (2d Cir. 2003) (per curiam) (quoting 28 U.S.C. § 1447(c)). Generally, "a motion to remand is evaluated on the basis of the allegations as pleaded at the time of removal." *McCulloch Orthopedic Surgical Servs., PLLC v. United Healthcare Ins. Co. of N.Y.*, No. 14 Civ. 6989, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015) (citing *Vera*, 335 F.3d at 116 n.2). "If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." *Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005).

### II. Application

Plaintiff argues that removal is improper because Plaintiff's complaint alleges only state law tort claims, the parties are not diverse,[2] and the federal officer removal statute and the *Grable* doctrine are inapplicable to this action. Pl. Mot. at 1. Defendant contends that the PREP Act "is a complete

---

[2] Defendant concedes that the parties are not diverse. Accordingly, the Court shall not address this argument.

preemption statute that . . . displaces all state-law causes of action relating to the administration and use of covered countermeasures and provides an exclusive federal remedy in their place," which "leaves no room for state-law causes of action . . . such as Plaintiff's claims." Def. Opp. at 2. Defendant also argues that federal question jurisdiction exists because "Plaintiff's claims raise substantial questions regarding the meaning and application of the PREP Act" and that Defendant was "a critical private resource enlisted to help carry out the federal effort to treat and prevent the spread of COVID-19." *Id* at 2–3.

The Court concludes that remand is required because Defendant has not shown that removal is proper. The Court joins the chorus of opinions in this district holding that preemption under the PREP Act, the federal officer removal statute, and the *Grable* doctrine in the context of the COVID-19 pandemic do not confer jurisdiction over state law claims like Plaintiff's. *See Rivera v. Eastchester Rehab. & Health Care LLC*, No. 22 Civ. 2019, 2022 WL 2222979, at *2 (S.D.N.Y. June 21, 2022) (collecting cases); *see also Rivera-Zayas v. Our Lady Consolation Geriatric Care Ctr.*, 2021 WL 3549878, at *2 (S.D.N.Y. Aug. 11, 2021) (noting that "the PREP Act . . . does not create an exclusive federal cause of action" (citation omitted)). Defendant's arguments that these courts "[m]isapplied the [d]octrine of [c]omplete [p]reemption" are incorrect. Def. Opp. at 14; *see also id.* at 9–23. The Court shall not contravene the overwhelming weight of authority on this point to accommodate Defendant's misplaced reasoning.

First, Plaintiff's claims sound in state law. Plaintiff's complaint brings nursing home malpractice, wrongful death, conspicuous pain and suffering, negligence, and gross negligence claims against Defendant under New York law. Amend. Compl. ¶¶ 186–281. None of these claims "arise under" federal law. *See New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) ("A cause of action arises under federal law only when the plaintiff's 'well-pleaded complaint' raises an issue of federal law.") (citation omitted).

Second, the Court agrees with the "consensus among federal courts finding that the PREP Act does not completely preempt state law claims arising out of the COVID-19 pandemic." *Rivera*, 2022 WL 2222979, at *3.

Third, Defendant has not shown that it was "acting under" a federal officer to establish federal officer jurisdiction. To qualify as "acting under" a federal officer, a party must have been involved in "an effort to *assist*, or help *carry out*, the duties or tasks of the federal superior." *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 152 (2007). Defendant states that it was a "private surrogate[]" "enlisted to help carry out the federal effort to treat and prevent the spread of COVID-19." Def. Opp. at 3. Defendant's arguments merely demonstrate that it complied with federal directives and regulations. *Id.* at 24–28. This is insufficient for federal officer jurisdiction. *See Dupervil v. All. Health Operations, LLC*, 516 F. Supp. 3d 238, 260–61 (E.D.N.Y. 2021), *vacated as moot*, No. 21-505, 2022 WL 3756009 (2d Cir. Aug. 1, 2022).

Finally, *Grable* "does not support federal question and removal jurisdiction in this case" because Plaintiff's state-law claims do not "necessarily raise" a substantial federal issue. *Rivera*, 2022 WL 2222979, at *3 (quoting *Shapnik v. Hebrew Home for Aged at Riverdale*, 535 F. Supp. 3d 301, 319–20 (S.D.N.Y. 2021)).

Accordingly, none of Plaintiff's claims are removable.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED. Accordingly, the matter is REMANDED, and the Clerk of Court is directed to terminate the motion at ECF No. 11, remand the action to Supreme Court, Bronx County, and close the case.

SO ORDERED.

Dated: November 2, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge